*Jamal Berry 8/12/25*

| | |
|---|---|
| **JAMAL BERRY** | : |
| Plaintiff, | : |
| | : |
| | :      **CIVIL ACTION NO. TBD** |
| **EARLY WARNING SERVICES, LLC** | : |
| Defendant, | : |
| | : |
| | : |

## I.      INTRODUCTION

1. This is a civil action brought by Jamal Berry(hereinafter "Plaintiff'), a natural person and an individual consumer, seeking actual damages, statutory damages, and cost of action against Defendant, Early Warning Services, LLC (hereinafter "Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA"), which The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.

## II.      JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p)

3. Jurisdiction of this court also arises under 28 U.S.C § 1331

4. Venue in this District is proper in that substantial parts of the event transpired in Philadelphia, PA, and the conduct complained of occurred in Philadelphia, PA.

## III.      PARTIES

5. Plaintiff is a natural person with a place of abode in Philadelphia, Pennsylvania.

6. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act(Regulation V) 15 U.S.C § 1681a(c)

7. Upon information and belief, the Defendant, Early Warning Services, LLC is a corporation with its principal place of business located at 5801 N Pima Road Scottsdale, AZ 85250 and its registered agent, COGENCY GLOBAL INC, located at 600 North 2nd Street, Harrisburg, PA 17101.

8. Pursuant to the Fair Credit Reporting Act, 15 U.S.C § 1681a(f), the Defendant, is a "Consumer Reporting Agency""CRA" defined as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling and evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## IV.    FACTS OF COMPLAINT

9. On or about May 15, 2024 Plaintiff submitted a CFPB complaint[240516-14404439] containing a FTC identity theft report and dispute for a Citizens Bank account #XX6894, amongst a host of other accounts and inquiries, being reported on his credit report for "account abuse" with a closure status of "unpaid" or "purged", and an incorrect address.

10. Defendant had until May 21, 2024 to accordingly block the identified information. The complaint informed the Defendant the information was a result of identity theft, with no permissible purpose, inaccurate, that the Plaintiff never opened, committed any account abuse or owed an alleged debt, and that the address associated with the account(s) when opened wasn't in relation to the Plaintiff.

11. The Defendant had a duty to block the identity theft related information within 4 business days of receiving appropriate proof of the identity of the Plaintiff, a copy of an identity theft report, identification of such information, and a statement informing the Defendant the information is not in relation to the Plaintiff.

12. On May 29, 2024 the Defendant responded but never informed the Plaintiff the block was declined or rescinded per the FCRA, therefore the information should have been blocked.  If the Defendant had followed reasonable procedures to assure maximum possible accuracy and blocked the information, they would have deemed that the address was not originally associated with the Plaintiff and that he'd not opened or utilized the specified Citizens Bank account, or any others for that matter.

13. On or about May 26, 2024, the Plaintiff submitted an additional CFPB complaint containing a drafted Notice of Intent to Sue the Defendant for the failure to comply with the FCRA and block the specified identity theft related information, and causing damages as a result of their noncompliance of being denied credit products and bank accounts.

14. Following the initial dispute on May 15th, the Defendant failed to block the information, or at the least conduct a proper reinvestigation and indicate the account is in dispute. They responded to the initial complaint on May 29, 2024 claiming to have identified 2 of the Bank Of America accounts that were inaccurate within the identity theft report yet disregarded the others, including the specific Citizens Bank account.

15. The Defendant responded to the May 26th CFPB complaint on June 6, 2024 informing the Plaintiff that they'd initiated an additional investigation and found that the same 2 Bank of America accounts had been found to be inaccurate, which should've been deleted a week

ago(5/29/24) but still reporting, in addition to a Capital One 360, and a Citizens Bank account(Dispute ID 715611), which isn't identified by account number.

16. The response went on to inform the Plaintiff that based on the information provided in my complaint on May 15, 2024 the Defendant interpreted that Plaintiff was disputing certain information not requesting for a block and initiated the dispute process on my behalf. This also took the Defendant outside of the prescribed time frame window per the FCRA to conduct a reasonable reinvestigation after being supplied with a consumer initiated dispute.

17. Plaintiff initially requested for a block and provided an identity theft report on May 15, 2024 prompting the Defendant to block the information, giving them until May 21, 2024 . The Defendant disregarded the block, and was not finished conducting a reinvestigation until on or about June 5, 2024, exceeding the FCRA time frame and failing to notify the Plaintiff if the block was declined.

18. Plaintiff verbally requested for the description of the procedure used including the ACDV form to determine the dispute process along with the accuracy and completeness of the information reflecting on the disputed accounts especially the Citizens Bank account, following the dispute completion in May.

19. The Defendant willfully failed to provide the description of the procedure used within the 15 day time frame, Plaintiff never received it. The Defendant has a habit of bombarding consumers with emails pertaining to correspondence or file disclosures, and make it extremely difficult to open or view the documents in attempts to discourage consumers about addressing these issues and violations.

20. The plaintiff was unaware of what to do any further at the time so a few months passed by and the report was disregarded after becoming frustrated knowing the account was a result of identity theft, inaccurate and incomplete.

21. It wasn't until the Plaintiff applied for another checking account and credit card with Bank of America on June 26, 2024 and was denied because of the Early Warning Services report per their adverse action letter, and made aware again that the Defendant was still reporting the inaccurate Citizens account.

22. Plaintiff is not familiar with the account nor the address used to open the Citizens account, and he never utilized any account to even commit account abuse, which was never explained as to how it was abused; there's no context to the account after several requests.

23. Plaintiff contacted Citizens Bank on numerous occasions and was informed that the account statements provided during the ACDV process clearly identified my personal address as 1830 E Thayer St for one account, and 1518 N 18th St for the other account. Neither of these addresses are associated with me, I've lived at the same residence for over 20 years, which is 1400 N. 16th St. These are obvious results of identity theft which is one of the reasons why Plaintiff submitted a FTC Identity Theft report to support these inaccuracies and blocks, as they have no relation to the Plaintiff. Defendant failed to take into consideration all relevant information supplied by the Plaintiff to evidence identity theft per the FCRA.

24. This caused the Plaintiff to suffer damages as a result of the Defendant's willful and negligent noncompliance, including but not limited to embarrassment, emotional distress, checking and business account denials, loss of business and personal revenue, mental anguish, and discouragement, Plaintiff is now hesitant on applying for any accounts although he's in need of them. There was a $20,000 credit card product Plaintiff was approved for with Truist yet was

closed out due to the fact of the EWS report containing the delinquent Citizens Bank account, and denied several personal and business accounts with Bank of America.

25. The results of the reinvestigation were submitted June 6, 2024 via email, whereas the Defendant claimed to have received information from Citizens Bank verifying the accuracy and completeness of the account yet again, but there were no productions of evidence. No proof the Plaintiff opened the account, no proof the Plaintiff committed the abuse on the account, or no explanation as to why there was a different address.

26. Plaintiff provided what is requested of pursuant to the FCRA for the purpose of blocking identity theft related information contained on a consumers' report. The Defendant had a duty to block the identified information not later than 4 business after receipt which they failed to do, causing the Plaintiff significant emotional and mental damages, basically a decline for an approved $20,000 credit card from Truist Bank and closed out personal and business checking accounts, and discouragement.

27. Defendant negligently never addressed Plaintiff's request for a block, yet simply disregarded it and continued on to rather complete a reinvestigation defying the law, while never indicating the account to be in dispute. As a result of Defendant's willfulness and negligence Plaintiff suffered tremendous damages, including but not limited to emotional distress and anxiety.

28. Plaintiff satisfied the alleged obligation on March 18, 2025 with the Citizens Bank account with a balance of $252.99, the Defendant negligently failed to accurately report the status of the Citizens Bank account in accordance with the FCRA. The latest consumer report obtained from the Defendant on June 20, 2025 still evidenced the Citizens Bank account to be reporting as "Closed for clause-Purged", with a last status change of June 1, 2022.

29. Defendant obviously willfully failed to comply with the FCRA by not initially blocking the identified identity theft related information, and continued to violate by failing to assure the maximum possible accuracy of the information reporting related to the Plaintiff in a prepared consumer report received on June 20, 2025.

## V. FIRST CLAIM FOR RELIEF
### 15 U.S.C § 1681i(a)(7)
### (Defendant)

30. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

31. Defendant violated FCRA.

32. Defendant's violations include but are not limited to, the following:

   A. Defendant violated 15 U.S.C § 1681(a)(7) of the FCRA by failing to comply with the requirement of providing Plaintiff the description referred to in 15 U.S.C § 1681(a)(6)(B)(iii) by not later than 15 days after receiving the request from Plaintiff.

33. Plaintiff requested on numerous occasions for the description and procedure used to determine the accuracy and completeness of the investigation, Defendant knew and consciously disregarded its statutory obligations under 1681i(a)(7) to provide the description with 15 days of request, yet intentionally ignored multiple written and verbal requests.

34. Defendant's conduct was negligent and/or willful.

35. As a direct result of Defendant's actions, Plaintiff suffered concrete, particularized, and actual injury including but not limited to embarrassment, emotional distress, checking and business account denials, loss of business and personal revenue, mental anguish, and discouragement.

36. Plaintiff is entitled to actual damages pursuant to 15 U.S.C § 1681n(a)(1)(A)

37. Plaintiff is entitled to punitive damages in the amount the Court may allow pursuant to 15 U.S.C § 1681n(a)(2).

## VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C § 1681c-2(a)
### (Defendant)

38. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

39. Defendant violated the FCRA

40. Defendant's violations include but are not limited to, the following:

   A. Defendant violated 15 U.S.C § 1681c-2(a) of the FCRA by failing to comply with the requirement of blocking the information resulting from identity theft that was identified by Plaintiff.

41. Plaintiff transmitted a FTC Identity Theft report with all requirements notifying Defendant that it was a result of identity theft and had no relation to the accounts. Defendant had actual knowledge, and failed to exercise reasonable procedures to comply with its statutory duty and block the information or inform the Plaintiff that the block was declined or rescinded per § 1681c-2(c)(2).

42. Defendant's conduct was negligent and/or willful.

43. As a direct result of Defendant's actions, Plaintiff suffered concrete, particularized, and actual injury including but not limited to embarrassment, emotional distress, checking and business account denials, loss of business and personal revenue, mental anguish, and discouragement.

44. Plaintiff is entitled to actual damages pursuant to 15 U.S.C § 1681n(a)(1)(A)

45. Plaintiff is entitled to punitive damages in the amount the Court may allow pursuant to 15 U.S.C § 1681n(a)(2).

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C § 1681e(b)
### (Defendant)

46. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

47. Defendant violated the FCRA

48. Defendant's violations include but are not limited to, the following:

A. Defendant negligently and willfully violated 15 U.S.C § 1681e(b) of the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates.

49. Plaintiff submitted relevant documentation and information of an FTC Identity Theft report, as well as verbally informing Defendant on several occasions they had no relation to the information especially the address associated with opening of the Citizens Bank account.

50. Defendant's conduct was negligent and/or willful.

51. As a direct result of Defendant's actions, Plaintiff suffered concrete, particularized, and actual injury including but not limited to embarrassment, emotional distress, checking and business account denials, loss of business and personal revenue, mental anguish, and discouragement.

52. Plaintiff is entitled to actual damages pursuant to 15 U.S.C § 1681n(a)(1)(A)

53. Plaintiff is entitled to punitive damages in the amount the Court may allow pursuant to 15 U.S.C § 1681n(a)(2).

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C § 1681i(8)(C)
### (Defendant)

54. Plaintiff re-alleges and incorporates by reference paragraphs in the above factual background paragraphs.

55. Defendant violated the FCRA.

56. Defendant's violations include but are not limited to, the following:

A. Defendant violated 15 U.S.C 1681i(8)(C), Defendant failed to indicate the Plaintiff

has disputed the inaccurate information contained on the account within 30 days.

57. As a direct result of Defendant's actions, Plaintiff suffered concrete, particularized, and actual injury including but not limited to embarrassment, emotional distress, checking and business account denials, loss of business and personal revenue, mental anguish, and discouragement.

## DEMAND FOR JURY TRIAL

58. Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## IX.    PRAYER FOR RELIEF

Wherefore Plaintiff seeks judgment in Plaintiff's favor against Defendant in the amount of $25,000 based on the following requested relief:

  a.  Actual and compensatory damages pursuant to 15 U.S.C § 1681n;

  b.  Punitive damages pursuant to 15 U.S.C § 1681n; and

  c.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

Respectfully,
Jamal Berry(Pro Se)
1400 N. 16th St Apt B8          *Jamal Berry*  8/12/25
Philadelphia, PA 19121
Jamalberry6392@gmail.com