IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JAMAL BERRY                        :          CIVIL ACTION
                                   :
        v.                         :
                                   :
EARLY WARNING SERVICES, LLC        :          NO. 25-4638

MEMORANDUM

Bartle, J.                                         April 30, 2026

        Plaintiff Jamal Berry, proceeding pro se, brings several claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA") against defendant, Early Warning Services, LLC, a consumer reporting agency ("CRA"). Specifically, Berry alleges that Early Warning Services failed to: (1) follow reinvestigation requirements and obligations under the FCRA (§ 1681i(a)(7)); (2) block information resulting from identity theft (§ 1681c-2(a)); (3) follow reasonable procedures to assure the maximum possible accuracy of Berry's report information (§ 1681e(b)); and (4) timely "indicate" that Berry had disputed inaccurate information on his account (§ 1681i(a)(8)(C)).[1]

        Before the court is the motion of defendant Early Warning Services to dismiss the complaint under Rule 12(b)(6) of

---

[1]     Plaintiff's fourth claim for relief alleges a violation of a nonexistent FCRA section numbered 15 U.S.C. 1681i(8)(C).  The court liberally construes this claim as under Section 1681i(a)(8)(C) instead.

the Federal Rules of Civil Procedure for failure to state claims upon which relief can be granted (Doc. # 13).

I

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the light most favorable to the plaintiff.  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted); see also Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008).  When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (quotation marks omitted)).  The court may also take judicial notice of matters of public record.  See id.

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint need not include "detailed factual allegations," but it must state "more than labels and conclusions" and must provide "enough [factual allegations] to raise a right to relief above the speculative level."  Bell Atl.

2

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Plaintiffs must "nudge[] their claims across the line from conceivable to plausible."  Id. at 570.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  A district court may sua sponte dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  In re Fredericks, No. 18-1930, 2018 WL 2272335, at *1 (E.D. Pa. May 16, 2018).

As a pro se litigant, Berry is entitled to liberal construction of his complaint.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  However, pro se litigants still must allege sufficient facts in their complaints to support a claim.  Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021).  An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." Id. (internal quotation omitted).

II

The complaint is not a model of clarity and at times is confusing and incomplete.  The following facts are viewed in the light most favorable to plaintiff, the non-moving party.

Plaintiff, who lives in Philadelphia, submitted a complaint to the Consumer Financial Protection Bureau ("CFPB"), a federal government agency, on May 15, 2024, through its online portal.  The complaint disputed information on plaintiff's credit report and alleged it was a result of identity theft. Although plaintiff did not attach the CFPB complaint as an exhibit, defendant produced the CFPB complaint as part of its motion to dismiss.  His CFPB complaint included a letter entitled "Information Dispute."  The letter demanded that information on twelve bank accounts be blocked, including two at Bank of America and two at Citizens Bank, "in accordance with 15 USC 1681c-2(a)."  Plaintiff, in his complaint filed in this court, omitted any basis for his assertion that he was a victim of identity theft beyond that the Citizens Bank accounts had listed addresses different than his personal address and that he "never opened, committed any account abuse or owed any allege debt" on any "account(s)."  He did not state what accounts he was referencing or what accounts, if any, were never opened or were abused.  He did state that his CFPB complaint included an identity theft report he had previously submitted to the Federal

4

Trade Commission.  The complaint in this court neither had the report attached nor described its contents.

The CFPB complaint, including the identity theft report to the FTC, at some point after May 15, 2024, was in the possession of defendant.  The date on which defendant first had a copy is not in the record.  Plaintiff pleaded that he requested of defendant a block of information, but did not state what information he wanted blocked or how and when he requested the block.  Plaintiff simply alleged that defendant, in violation of the Fair Credit Reporting Act, failed to block the "identity theft related" information "identified" by plaintiff in his CFPB complaint or to conduct a proper reinvestigation within four business days, that is, on or before May 21, 2024.

On May 26, 2024, plaintiff submitted another complaint to the CFPB that included a letter entitled "Notice of Intent to Sue" defendant because it failed to block "the specified identity-theft related information."  Again, plaintiff did not set forth what the "specified identity-theft related information" was.

On May 29, 2024, defendant responded to plaintiff. Plaintiff did not state how defendant did so or what defendant said in its response beyond that it "never informed the Plaintiff [that] the block was declined or rescinded per the FCRA" and that it "claim[ed] to have identified 2 of the Bank of

5

America accounts that were inaccurate within the identity theft report yet disregarded others, including the specified Citizens Bank account."  He did not aver in what way the two Bank of America accounts were inaccurate.  Plaintiff then alleged that if defendant followed reasonable procedures to "assure maximum possible accuracy and blocked the information, they would have deemed that the address [on one of the Citizens Bank accounts] was not originally associated with Plaintiff and that he'd not open or utilized the specified Citizens Bank account, or any others for that matter."

On June 6, 2024, defendant emailed a reply in response to plaintiff's disputes of inaccurate information.  According to plaintiff, defendant replied that it conducted an "additional investigation" that "found the same 2 Bank of America accounts had been found to be inaccurate," and that it received information from Citizens Bank "verifying the accuracy and completeness of the account."  Plaintiff then orally requested from defendant the description of the investigation procedure it used to ensure that the process found accurate and complete accounts.  The defendant did not provide the description of the procedure within a fifteen-day time frame.  He alleged that defendant "make[s] it extremely difficult to open or view the documents in attempts to discourage consumers about addressing

6

these issues and violations."  Plaintiff did not proceed with any further action on the matter for a month.

Plaintiff applied for another checking account and credit card with Bank of America on June 26, 2024.  The bank denied his application with an adverse action letter.  Plaintiff claimed that his application was denied because of his previous disputes with defendant.  Plaintiff pleaded that he was not familiar with one disputed Citizens Bank account and that he never used any account to "commit account abuse."  He also referenced defendant's failure to share any investigation or reinvestigation procedures with him.

At unspecified times, plaintiff contacted Citizens Bank directly and was informed that "the account statements" listed his address at 1830 E Thayer St for "one account," and 1518 18th St for "another account."  It is unclear to the court whether plaintiff was alleging that he has two different Citizens Bank accounts with inaccurate information or that one disputed account has two different addresses.  Nevertheless, he asserted that neither of those addresses was associated with him.  According to plaintiff, he has lived at a different address for over twenty years.  While there were discussions with Citizens Bank, he never averred that he provided any of this information to defendant.  He only alleged that he submitted an identity theft report to the FTC.

7

Plaintiff satisfied the obligation on one disputed Citizens Bank account on March 18, 2025.  His latest consumer report was produced by defendant on June 20, 2025.  It still included the Citizens Bank account to which he paid his obligation as "Closed for cause-Purged."  Again, he did not state that he said anything to defendant that activity on his accounts constituted identity theft.

III

The FCRA seeks to ensure "accurate credit reporting." Safeco Ins. of Am. v. Burr, 551 U.S. 47, 52 (2007).  To achieve this goal, the FCRA regulates two types of entities: "furnishers of information" and "consumer reporting agencies."  See 15 U.S.C. §§ 1681s-2, 1681e; see also Traore v. TransUnion LLC, No. 25-2822, 2025 WL 2691042, at *2 (E.D. Pa. Sept. 19, 2025).  The FCRA imposes obligations on these entities "in a manner consistent with their respective roles in the credit reporting market."  Traore, 2025 WL 2691042, at *2 (quoting Denan v. Trans Union LLC, 959 F.3d 290, 294 (7th Cir. 2020)).  Furnishers provide consumer data to consumer reporting agencies for inclusion in a credit report.  Harris v. P.A. Higher Educ. Assistance Agency/Am. Educ. Servs., 696 F. App'x 87, 90 (3d Cir. 2017) (citing 16 C.F.R. § 660.2(c)).  Consumer reporting agencies, like defendant, then assemble the furnished data into credit reports, allowing others to evaluate the creditworthiness

of a particular consumer.  See 15 U.S.C. § 1681a(f); TransUnion LLC v. Ramirez, 594 U.S. 413, 419 (2021).

Plaintiff alleges that defendant violated § 1681c-2(a) of the FCRA by failing to block information about accounts that purportedly resulted from identity theft.  Section 1681c-2(a) provides a mechanism for consumers to obtain a block of "information result[ing] from an alleged identity theft."  15 U.S.C. § 1681c-2(a); see also Kaplan v. Trans Union, LLC, 760 F. Supp. 3d 268, 271-72 (E.D. Pa. 2024).  Consumer reporting agencies shall:

> [B]lock the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—(1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and[,] (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

Id. § 1681c-2(a).

Defendant argues that this claim is ripe for dismissal because plaintiff did not plead that he complied with these statutory requirements.

A complaint, as noted, may be dismissed for failing to comply with Rule 8.  Garrett v. Wexford Health, 938 F.3d 69, 91-94 (3d Cir. 2019).  In Garrett, our Court of Appeals noted that

9

"a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." Garrett v. Wexford Health, 938 F.3d 69, 93 (3d Cir. 2019).

There are no factual assertions in the complaint to support his compliance with the requirements of § 1681c-2(a). Plaintiff did not aver that he provided appropriate proof of his identity.[2] Nor did he plead sufficient facts to show any identity theft.

At best, plaintiff merely alleged legal conclusions that he followed Section 1681c-2(a) requirements. For example, plaintiff asserted in the complaint that defendant "had a duty to block the identity theft related information within 4 business days of receiving appropriate proof of the identity of Plaintiff, a copy of the identity theft report, identification of such information, and a statement informing the Defendant that the information is not in relation to the Plaintiff." Plaintiff did not meet the plausibility requirements of Rule 8.

---

[2] After defendant raised that plaintiff did not provide proof of his identity, plaintiff alleges in his opposition that he provided his identification in "subsequent complaints" and referred to the attached Exhibit H. Exhibit H to the opposition shows a CFPB complaint submitted on June 9, 2025. It does not show any attachment verifying his identity. Moreover, plaintiff's complaint does not mention any June 9, 2025 CFPB filing. The court will not consider this submission.

See Fed. R. Civ. P. 8; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  His Section 1681c-2(a) claim fails.

IV

Plaintiff further alleges that defendant did not "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" under Section 1681e(b).  See 15 U.S.C. § 1681e(b).  Defendant argues that claim should be dismissed because he did not sufficiently state any inaccuracy in his credit report and fails to allege defendant did not have reasonable procedures and acted willfully.

Liability arises under Section 1681e(b) when a credit reporting agency issues an inaccurate consumer report.  See 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead plausible facts tending to show the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry.  Cortez v. Trans Union, LLC, 617 F.3d 688, 708 (citing Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir. 1996)).

11

It is unclear from the face of the complaint what inaccurate information was present on plaintiff's credit report. First, it is unclear what account, if any, had any inaccurate information because plaintiff transitioned between referencing one Citizens Bank account and referring to multiple accounts that were allegedly inaccurate.  Additionally, while plaintiff asserted that multiple accounts were the victim of identity theft, he did not provide any particularity.  The court does not know whether the alleged perpetrator opened or closed accounts under his name, committed account abuse, withdrew funds, or otherwise tampered with any account under plaintiff's name.  His allegations did not sufficiently plead facts to demonstrate a claim under Section 1681e(b).

V

Plaintiff additionally asserts that defendant failed to follow reinvestigation requirements and obligations and timely state on its report that plaintiff disputed inaccurate information on his account under Section 1681i.  This section establishes a duty on the part of credit reporting agencies to reinvestigate disputed information in "a consumer's file" and creates a private right of action to enforce this requirement. See 15 U.S.C. §§ 1681i(a)(1)(A), 1681n, 1681o; see also Kulb v. Chex Sys., Inc., No. 24-1390, 2026 WL 251965, at *7 (E.D. Pa. Jan. 29, 2026).  The section also sets forth a "fairly specific

12

process for disputing information in a credit report." Cortez, 617 F.3d at 714.  Before a court can consider whether an agency's reinvestigation was reasonable, it must first determine that the disputed information was in fact inaccurate.  Bibbs v. Trans Union LLC, 43 F.4th 331, 344 (3d Cir. 2022).

Defendant argues that plaintiff failed to plead a Section 1681i claim.  It is correct.  Plaintiff did not allege facts that he followed procedural requirements to trigger defendant's duties under Section 1681i of the FCRA.  See 15 U.S.C. § 1681i(a).

Plaintiff's 1681i claims fail for the same reasons as his Section 1681e(b) claim does.  In order for there to be a violation of Section 1681i, there must be an inaccuracy in his credit report.  Plaintiff did not sufficiently plead such an inaccuracy.

VI

Finally, the court reprimands plaintiff for violating Rule 11 of the Federal Rules of Civil Procedure, which applies not only to attorneys but also to unrepresented parties, such as plaintiff.  See Fed. R. Civ. P. 11(b).  The Rule provides that when a paper is submitted to the court, an attorney or unrepresented party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the "legal contentions

13

are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Pro se parties like plaintiff, "must inquire into both the facts and the law before filing papers with the court." Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers, 855 F.2d 1080, 1091 (3d Cir. 1988).

It has come to the court's attention that plaintiff, in his opposition to the motion to dismiss, submitted legal citations to cases that do not exist, fake quotes from real cases, and inaccurate legal arguments attributed to real cases. For example, plaintiff quoted the following from McIvor v. Credit Control Services, 773 F.3d 909 (8th Cir. 2014): "A CRA may be liable under §1681i if it receives sufficient information to identify the disputed account, regardless of the channel through which the dispute is transmitted." Response in Opposition, Berry v. Early Warning Services, Civ. A. No. 25-4638 (E.D. Pa. October 14, 2025) (Doc. # 14). That quotation does not exist in the case. The opinion ends at page 916, and the pincite plaintiff used for the quote was at a nonexistent page 918. He also cited Gonzalez v Experian Info. Sols., Inc., No. 20-cv-8997, 2021 WL 7285265 (C.D. Cal. 2021). That case does not appear on Westlaw. The docket number belongs to a different case. See Thompson v. Diaz, Civ A. No. No. 20-8997 (C.D. Cal.

14

Sept. 28, 2020).  Finally, plaintiff argued that Weseman v. Wells Fargo Home Mortg., No. 06-1338, 2008 WL542961 (D. Or. Feb. 22, 2008), stands for the proposition that "even where disputes are not directed to the CRA itself, if a complaint provides sufficient detail and is transmitted through a known channel (i.e CFPB), obligations to reinvestigate may be triggered." Response in Opposition, Berry v. Early Warning Services, Civ. A. No. 25-4638 (E.D. Pa. October 14, 2025) (Doc. # 14).  Weseman analyzed the doctrine of preemption and conflicts between common law and other FCRA provisions.  It did not discuss direct disputes and statutory obligations for a CRA as the defendant in that case was a furnisher, not a CRA.  While the court cites these three examples, his opposition contained other inaccurate citations.

Plaintiff undoubtedly used artificial intelligence to craft his opposition.  Plaintiff submitted numerous false citations in his opposition, including cases that do not exist. As noted previously, pro se litigants "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants," including Rule 11.  Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013).  The court strongly cautions him that any use of fictitious caselaw in the future may lead to severe sanctions under Rule 11.

15

VII

For the above reasons, the court will grant the motion
of defendant to dismiss the complaint.