IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BERRY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EARLY WARNING SERVICES, LLC | : | NO. 25-4638 |

MEMORANDUM

Bartle, J. August 27, 2026

Plaintiff Jamal Berry, proceeding pro se, brought an action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA"), against defendant, Early Warning Services, LLC, a consumer reporting agency ("CRA"), that was dismissed on April 30, 2026. He alleged that Early Warning Services failed to: (1) follow reinvestigation requirements and obligations under the FCRA (§ 1681i(a)(7)); (2) block information resulting from identity theft (§ 1681c-2(a)); (3) follow reasonable procedures to assure the maximum possible accuracy of Berry's report information (§ 1681e(b)); and (4) timely "indicate" that Berry had disputed inaccurate information on his account (§ 1681i(a)(8)(C)).

Before the court is the motion of plaintiff for leave to file an amended complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure (Doc. # 18).

I

A court should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court does not need to grant leave if there is "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). In assessing the "futility" the trial court applies the same standard of legal sufficiency used in Rule 12(b)(6) motions. DiCicco v. Willow Grove Bank, 308 F.Supp.2d 528, 532 (E.D. Pa. 2004) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)) (internal quotation marks omitted). Accordingly, the court may deny leave to amend where the amendment would not withstand a motion to dismiss. Cardone Indus., Inc. v. Honeywell Int'l, Inc., Civ. A. No. 13-4484, 2014 WL 3389112, at *5 (E.D. Pa. July 11, 2014) (citing Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983)). Courts place a heavy burden on opponents who wish to declare a proposed amendment futile because of the liberal standard for the amendment of pleadings. Id. If a proposed amendment is not clearly futile, then denial of leave to amend is "improper." Id.

As a pro se litigant, Berry is entitled to liberal construction of his complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, pro se litigants still must allege sufficient facts in their complaints to support a claim. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." Id. (internal quotation omitted).

II

On April 30, 2026, the court dismissed plaintiff's complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure because the plaintiff had not stated any claim for relief under the Fair Credit Reporting Act (15 U.S.C. §§ 1681 et seq.). Plaintiff now seeks to amend his complaint pursuant to Rule 15(a)(2). His proposed amended complaint contains two counts: one alleging a violation of 15 U.S.C. § 1681e(b) and the other a violation of 15 U.S.C. § 1681i.

Plaintiff now alleges in his proposed amended complaint that his credit report produced by defendant identified two bank accounts that had "adverse remark notations including 'account abuse' and 'close for cause-purged." The report was produced in early 2024. The bank accounts that were inaccurate on his credit report were a Citizens Bank account ending in 2049 and another Citizens Bank account ending in 6894.

His proposed pleading asserts those two accounts were not opened, authorized or used by plaintiff despite being recorded on his credit report. Accordingly, any adverse remarks, such as the "account abuse" and "close for cause-purged," were inaccurate and should not have appeared on his report. He also notes that he lost his identification, social security card, debit card and cell phone in November 2021, prior to the opening of these accounts.

Plaintiff states in his proposed amended complaint that on May 15, 2024, he submitted a Consumer Financial Protection Bureau ("CFPB") complaint disputing several accounts and inquiries appearing on his consumer report. Specifically, he referenced the two Citizens Bank accounts with account numbers ending 2049 and 6894. He further avers that he "informed the Defendant that he didn't open, authorize, or use those accounts and didn't authorize those financial institutions to access his information or open any accounts in his name," but does not say how he informed defendant. He later states that defendant "received Plaintiff's CFPB dispute on or about May 15, 2024 and responded through the CFPB portal on May 29, 2024, acknowledging receipt of the complaint and conducting a reinvestigation."

Plaintiff pleads that on June 6, 2024 the Citizen Bank account ending in 2049 was deleted by defendant after it

"determined that Citizens Bank account ending in 2049 was inaccurate, incomplete, or couldn't be verified." The letter from defendant informing plaintiff of the deletion was dated June 6, 2024 and is attached as Exhibit D of the proposed amended complaint. The letter does not discuss the account ending in 6894.

On or about June 26, 2024, plaintiff applied for checking account and credit products with Bank of America. His application was denied at the time when his credit report from defendant contained the adverse comments about the account ending in 6894.

Plaintiff also attached to his proposed amended complaint a letter dated July 29, 2025 that discusses the account ending in 6894. The letter states that defendant's records "indicate we received the initial dispute on March 6, 2023. Upon completion of the reinvestigation, Citizens Bank RBS Citizens Financial asserted the record was deemed accurate based on account information/documentation maintained by them."

Plaintiff alleges that the account ending in 6894 remains on his report with "adverse remark notations including 'account abuse' and 'close for cause-purged."

III

Defendant argues that the motion should be denied because his Section 1681e(b) claim is futile.

Liability arises under Section 1681e(b) when a credit reporting agency issues an inaccurate consumer report. See 15 U.S.C. § 1681e(b). To state a claim under Section 1681e(b), a plaintiff must plead plausible facts tending to show the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. Cortez v. Trans Union, LLC, 617 F.3d 688, 708 (2010) (citing Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir. 1996)).

The claim relating to the Citizens Bank account ending with numbers 2049 is futile. Because he asserts that defendant deleted that account from his credit report before any alleged harm, there is no injury to plaintiff. See FDA v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024).

Plaintiff alleges plausible facts for an inaccurate report for the account ending in 6894. He states that he never opened or used this account and that he lost identifying information prior to the opening of this account. If plaintiff never opened or used the account, any adverse remarks like the alleged "account abuse" and "close for cause-purged" notations are inaccurate. It is plausible, based on the facts pleaded,

that there is an inaccurate report relating to the 6894 account. Additionally, plaintiff pleads that he was denied an account at Bank of America on June 26, 2024, when the alleged inaccurate information with account ending in 6894 was still present on his report. His only harm is in relation to the that denial. See TransUnion LLC v. Ramirez, 594 U.S. 413, 435 (2021). Accordingly, this claim is not futile and the court will allow the plaintiff leave to amend his section 1681e(b) claim as to the 6894 Citizens Bank account.

Defendant argues that the amendment nevertheless is futile because plaintiff did not allege how defendant's reporting procedures were unreasonable. Such specifics are not required at this stage. As mentioned above, the court applies the same standard of legal sufficiency used in Rule 12(b)(6) motions in assessing "futility." DiCicco v. Willow Grove Bank, 308 F.Supp.2d 528, 532 (E.D. Pa. 2004). An allegation of inaccurate reporting at the motion to dismiss phase supports an inference that reasonable procedures were not followed. Dougherty v. Quicksius, LLC, Civ. A. No. 15-6432, 2016 WL 3757056, at *5 (E.D. Pa. July 14, 2016); see also Blackwell v. Chex Sys., Inc., Civ. A. No. 19-3419, 2020 WL 2615630, at *4 (E.D. Pa. May 22, 2020). Determining the reasonableness of procedures at this stage would require the court "to make several factual assumptions before any discovery has been even

accomplished." Hutchinson v. Carco Grp., Inc., Civ. A. No. 15-1570, 2015 WL 5698283, at *4 (E.D. Pa. Sept. 29, 2015). The information at issue is in the hands of defendant, not the plaintiff.

Defendant also asserts that the claim would be futile because plaintiff does not allege that defendant had any reason to believe the information provided by Citizens Bank was inaccurate. The letter attached to the complaint dated July 29, 2025 states that defendant already investigated the Citizens Bank account ending in 6894 in 2023 and was informed by Citizens Bank that the account was accurate. However, this also requires the court to make factual assumptions about the reasonableness of defendant's procedures at this early stage of litigation.

The claim under § 1681(e)(b) related to the account ending in 6894 is not futile. Plaintiff alleges sufficient facts to withstand defendant's motion to dismiss. Whether there are any inaccuracies and whether there is a violation of the Fair Credit Reporting Act must await another day.

IV

Defendant argues that the motion should be denied because his proposed amended complaint does not cure the pleading defects in his prior complaint for his Section 1681i claim.

Section 1681i establishes a duty on the part of credit reporting agencies to reinvestigate disputed information in "a consumer's file" and creates a private right of action to enforce this requirement. See 15 U.S.C. §§ 1681i(a)(1)(A), 1681n, 1681o; see also Kulb v. Chex Sys., Inc., Civ. A. No. 24-1390, 2026 WL 251965, at *7 (E.D. Pa. Jan. 29, 2026). The section also sets forth a "fairly specific process for disputing information in a credit report." Cortez v. Trans Union, LLC, 617 F.3d 688, 717. This process includes directly notifying the agency of the dispute, or indirectly through a reseller. See 15 U.S.C. §§ 1681i(a)(1)(A). The statute does not dictate how a consumer must notify the agency, whether oral notification is sufficient, or whether written notice is required. Id. The requirement simply ensures the agency is provided proper notice that an item of information in the consumer's file may be inaccurate. Norman v. Trans Union, LLC, 479 F. Supp. 3d 98, 114 (E.D. Pa. 2020).

Plaintiff alleges that he submitted a CFPB complaint and "informed the Defendant that he didn't open, authorize, or use those accounts and didn't authorize those financial institutions to access his information or open any accounts in his name." The referenced accounts are the Citizens Bank accounts ending in 2049 and 6894. Based on the language of Section 1681i(a)(1)(A), he does not need to notify the seller in

a certain way. The agency simply needs proper notice that an item of information may be inaccurate. Plaintiff also asserts it had such notice. It acknowledged notice from plaintiff of this dispute and was conducting a reinvestigation. Since defendant was informed of the disputed information and had such notice, plaintiff properly alleges he followed the procedures required for a cause of action under Section 1681i. This amended claim is not futile with respect to the account ending in 6894. To the extent that he raises a Section 1681i claim relating to the account ending in 2049, it fails for the same reasons his Section 1681(e)(b) does: he alleges no injury. See TransUnion LLC v. Ramirez, 594 U.S. 413, 435 (2021).

V

For the above reasons, the motion of plaintiff for leave to file an amended complaint will be granted in part and denied in part. The claims relating to the 2049 Citizens Bank account deleted from his credit report are futile and may not be amended. The claims related to the 6894 account are not futile, and the amended complaint to this extent may proceed.