IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BERRY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EARLY WARNING SERVICES, LLC | : | NO. 25-4638 |

MEMORANDUM

Bartle, J. November 4, 2026

Plaintiff Jamal Berry, proceeding pro se, brought this action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"), against defendant Early Warning Services, LLC, a consumer reporting agency. He alleges in the Amended Complaint that defendant violated 15 U.S.C. § 1681e(b) by failing follow reasonable procedures to assure maximum accuracy in preparing a consumer report about him (Count I). He also asserts that defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of disputed information (Count II). Plaintiff alleges both willful and negligent noncompliance under 15 U.S.C. §§ 1681n and 1681o.

Before the court is the motion of defendant to dismiss plaintiff's Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

I

For present purposes, the Court must accept as true all well-pleaded facts in plaintiff's amended complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court may also consider "exhibits attached to the complaint and matters of public record." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990)). When there is a document "integral to or explicitly relied upon in the complaint," it may also be considered as there is no concern of lack of notice to the plaintiff. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1993) (quotation marks omitted)).

Plaintiff must allege sufficient factual content to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The pleading must contain more than "labels and conclusions." Twombly, 550 U.S. 545. It must plead more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations and alterations omitted).

As a pro se litigant, Berry is entitled to liberal construction of his complaint. See Erickson v. Pardus, 551 U.S.

89, 94 (2007) (per curiam). However, pro se litigants still must allege sufficient facts in their complaints to support a claim. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." Id. (internal quotation omitted).

II

On April 30, 2026, the court dismissed plaintiff's first Complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Berry v. Early Warning Servs., LLC, No. 25-cv-4638, 2026 WL 1182024 (E.D. Pa. Apr. 30, 2026) (ECF Doc. # 17). On August 27, 2026, the court granted plaintiff's Motion for Leave to File an Amended Complaint limited solely to allegations related to the Citizens Bank Account ending in 6894. Berry v. Early Warning Servs., LLC, No. 25-cv-4638, 2026 WL 2533030 (E.D. Pa. Aug. 27, 2026) (ECF Doc. # 22).

In his Amended Complaint, plaintiff alleges he lost personal information that led to the theft of his identity in November 2021. Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC") on March 1, 2023 in which he stated that he discovered the identity theft in January 2023.

Plaintiff avers that this identity theft led to a Citizens Bank Account ending in 6894 ("Citizens Bank Account") appearing on his credit report produced by defendant despite

plaintiff’s claims that he “didn’t open, authorize, or use the account.” Amended Complaint, ECF Doc. # 24, at ¶ 14. The Citizens Bank Account was accompanied by the adverse notations of “account abuse” and “closed for cause-purged.” Amended Complaint, ECF Doc. # 24, at ¶ 15.

On May 15, 2024, Bank of America denied plaintiff’s request to open a checking account and to access credit products based “in whole or in part” on his credit report from defendant which contained the adverse comments about the Citizens Bank Account. Amended Complaint, ECF Doc. # 24, Exhibit D at 21.

Also on May 15, 2024, in response to the denial of Bank of America’s banking services, plaintiff filed a complaint with the Consumer Financial Protection Bureau (“CFPB”) that stated defendant had been reporting inaccurate information about him in their credit reports. Plaintiff included in his CFPB complaint the FTC Identity Theft Report from March 1, 2023, Bank of America’s denial letter, and an “Information Dispute” letter addressed to defendant dated May 15, 2024.

Defendant responded to the complaint through the CFPB portal after conducting a reinvestigation. Defendant found that the information was accurate and did not remove or change the allegedly inaccurate Citizens Bank Account information.

On March 17, 2025, Plaintiff paid an outstanding balance of $252.99 associated with the Citizens Bank Account “in

an attempt to regain access to approved banking services, not because Plaintiff believed the account belonged to him." Amended Complaint, ECF Doc. # 24, at ¶ 23.

Plaintiff alleges that he "informed the Defendant on multiple occasions via telephone and written disputes" about the inaccurate information. Amended Complaint, ECF Doc. # 24, at ¶ 14. Defendant has yet to remove or correct the allegedly inaccurate information about the Citizens Bank Account.

III

The FCRA seeks to ensure "fair and accurate credit reporting." Safeco Ins. of Am. v. Burr, 551 U.S. 47, 52 (2007). To achieve this goal, the FCRA regulates two types of entities: "furnishers of information" and "consumer reporting agencies." 15 U.S.C. §§ 1681s-2, 1681e. Furnishers provide consumer data to consumer reporting agencies for inclusion most commonly in consumer credit reports. Harris v. P.A. Higher Educ. Assistance Agency/Am. Educ. Servs., 696 F. App'x 87, 90 (3d Cir. 2017) (citing 16 C.F.R. § 660.2(c)). Consumer reporting agencies, like defendant, then assemble the furnished data into consumer reports, allowing others to evaluate the creditworthiness of a particular consumer. See 15 U.S.C. § 1681a(f); TransUnion LLC v. Ramirez, 594 U.S. 413, 419 (2021).

Plaintiff's first claim is that defendant violated 15 U.S.C. § 1681e(b), which requires agencies to "follow

reasonable procedures to assure maximum possible accuracy of the information” produced in consumer reports. Plaintiff’s second claim is that defendant violated 15 U.S.C. § 1681i. This section requires agencies, upon receipt of a dispute by a consumer, to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate. Plaintiff alleges violations of both sections were committed willfully under § 1681n and negligently under § 1681o.

IV

Defendant first argues in its Motion to Dismiss that Count I under § 1681e(b) and Count II under § 1681i should be dismissed because they are untimely under the applicable statute of limitations.

Both claims are subject to the limitations period set forth in § 1681p, which states that any action under the FCRA must be brought not later than the earlier of: “(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.” Defendant maintains that for both claims, the “date of discovery by the plaintiff of the violation” occurred more than two years prior to the commencement of this lawsuit on August 13, 2025.

Plaintiff avers, as noted, that defendant violated § 1681e(b) by failing to follow reasonable procedures to ensure the maximum possible accuracy of his credit information. The statute of limitations for this claim accrues when a consumer reporting agency issues an allegedly inaccurate consumer report. Lavender v. Experian Info. Sols., Inc., No. 21-cv-4739, 2023 WL 3739041, at *4 (E.D. Pa. May 30, 2023). Each transmission of an inaccurate credit report "is a separate and distinct tort to which a separate statute of limitations applies." Lawrence v. Trans Union LLC, 296 F. Supp. 2d 582, 587 (E.D. Pa. 2003). Defendant argues that plaintiff gained knowledge of defendant's inaccurate reporting as early as March 1, 2023, when plaintiff made his Identity Theft Report to the FTC. Therefore, defendant asserts, the statute of limitations accrued March 1, 2023, over two years prior to the filing of this lawsuit.

Even if the statute of limitations accrued on March 1, 2023,[1] plaintiff's claim is not premised solely on a single credit report transmitted prior to March 1, 2023. Plaintiff maintains that Bank of America denied his request to open a checking account and to access credit products on May 14, 2024,

---

1. Other courts have held that the statute of limitations for violations of the FCRA accrues when the consumer suffered an injury because of the inaccurate information, rather than mere knowledge of that the inaccurate information exists. Hyde v. Hibernia Nat. Bank in Jefferson Par., 861 F.2d 446, 449 (5th Cir. 1988).

which plausibly was based on a credit report issued within the two-year statute of limitations period. Plaintiff's claims for violations of § 1681e(b) that occurred more than two years prior to August 13, 2025 are barred by the statute of limitations, and the motion to dismiss will be granted for those limited claims. Plaintiff's claims for violations of § 1681e(b) that occurred fewer than two years prior to August 13, 2025 are not barred, and the motion to dismiss will be denied as to those claims.

The statute of limitations for a § 1681i claim accrues when a consumer reporting agency violates its duty to reinvestigate allegedly inaccurate information upon request by a consumer. Lavender, 2023 WL 3739041, at *4. Courts in this district are split on whether a consumer's second or successive request to reinvestigate allegedly inaccurate information triggers the beginning of a new statute of limitations period. Contrast Lavender, 2023 WL 3739041, at *5-7, with Johns v. Nelnet, No. 22-cv-4791, 2026 WL 914621, at *20 (E.D. Pa. Mar. 31, 2026).

Defendant argues that plaintiff initially requested reinvestigation on March 6, 2023, which accrued the statute of limitations. Plaintiff attached as an exhibit to his complaint a letter defendant wrote to plaintiff in which defendant "acknowledged . . . Plaintiff had previously disputed the Citizens account" on March 6, 2023 and that "prior

investigations had already been conducted regarding the same account". Amended Complaint, ECF Doc. # 24, at ¶ 30.

The court, while recognizing the split of authority, adopts the view from Lavender that when a second or successive reinvestigation request is premised on the same underlying dispute, "[a]llowing Plaintiff to restart the statute of limitations period . . . would . . . render the FCRA's statute of limitations 'a nullity.'" 2023 WL 3739041, at *7 (quoting Blackwell v. Cap. One Bank, 2008 WL 793476, at *3 (S.D. Ga. Mar. 25, 2008)). Here, plaintiff requested reinvestigation on March 6, 2023, over two years prior to the filing of this suit. Any subsequent reinvestigation requests were premised on the same underlying dispute. Thus, the motion to dismiss the § 1681i claims as barred by the statute of limitations will be granted.

V

Second, Defendant maintains that the § 1681e(b) claim should be dismissed because the plaintiff failed to state a claim by failing to adequately plead that any inaccurate information was reported by defendant. To state a claim under § 1681e(b), a plaintiff must plead plausible facts tending to show the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer

suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. Cortez v. Trans Union, LLC, 617 F.3d 688, 708 (2010) (citing Philbin v. Trans Union Corp., 101 F.3d 957, 963 (3d Cir. 1996)).

Defendant maintains that plaintiff's claim of identity theft is not objectively and readily verifiable,[2] unsubstantiated, and contradicted by his own exhibits. This argument fails. As the court noted in the Memorandum accompanying the Order Granting Leave to File an Amended Complaint, plaintiff alleges plausible facts that the reporting about the Citizens Bank Account was inaccurate. Berry v. Early Warning Servs., LLC, No. 25-cv-4638, 2026 WL 2533030, at *3 (E.D. Pa. Aug. 27, 2026) (ECF Doc. # 21). He pleads that his identity was stolen, that he did not open, authorize, or use the Citizens Bank Account, and that the Citizens Bank Account information was issued by defendant on a credit report. It remains to be seen whether plaintiff's identity was in fact stolen, and whether any inaccurate reporting was due to

2. Other circuits have adopted the standard that the plaintiff must establish that the allegedly inaccurate information is "objectively and readily verifiable." See Ward v. Nat'l Credit Sys., Inc., 182 F.4th 918, 932-33 (10th Cir. 2026); Roberts v. Carter-Young, Inc., 131 F.4th 241, 251 (4th Cir. 2025); Holden v. Holiday Inn Club Vacations Inc., 98 F.4th 1359, 1368 (11th Cir. 2024). The United States Court of Appeals for the Third Circuit has not yet decided this issue. Johns v. Nelnet, No. 22-cv-4791, 2026 WL 914621, at *23 (E.D. Pa. Mar. 31, 2026).

defendant’s failure to follow reasonable procedures. Because it is plausible that defendant reported inaccurate information about plaintiff, the motion to dismiss for plaintiff’s failure to allege actual inaccuracies will be denied.

VI

Third, defendant contends that the § 1681e(b) claim should be dismissed because the plaintiff did not allege specific facts showing that defendant willfully violated any provision of the FCRA. The Supreme Court held that willfulness under § 1681n of the FCRA requires the plaintiff to allege that the defendant took an action that is “not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.” Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69 (2007). Our Court of Appeals further clarified that the plaintiff must allege that the defendant “knowingly and intentionally committed an act in conscious disregard for the rights of others.” Philbin v. Trans Union Corp., 101 F.3d 957, 970 (3d Cir. 1996), abrogated on other grounds by Cortez v. Trans Union LLC, 617 F.3d 688 (3d Cir. 2010).

Here, although plaintiff has alleged that he repeatedly told defendant that the Citizens Bank Account was disputed, he has not alleged facts that defendant was acting in

such a way to intentionally disregard his rights. Therefore, the motion to dismiss the claims of willful violations of § 1681e(b) will be granted.